SOLOMON FULD ET AL., PLAINTIFFS, v. ELIZABETH B. ADAMS ET AL., EXECUTORS, ETC., DEFENDANTS.

Argued October 2, 1929—Decided November 26, 1929.

Before Justices PARKER, BLACK and BODINE.

For the plaintiffs, *George A. Bourgeois.*

For the defendants, *Thompson & Hanstein.*

PER CURIAM.

This is a suit by vendees named in a contract for sale of land to recover back the $2,300 cash payment. There was a verdict for defendants followed by a rule to show cause why there should not be a new trial; and that rule we conclude should be made absolute. Objection is made to the legal sufficiency of the filed reasons, but the third, that the verdict is against the weight of evidence, is valid, and we think it is well assigned. As we read the case it is fairly clear that at the date set for delivery of the deed, the vendors could not possibly make a good title, one reason being that there was an outstanding undivided one-third interest, and that partition proceedings in Chancery were actually pending and were not terminated until two or three years later. Prior to the date fixed for settlement, plaintiffs, or one of them, inquired of the attorney representing the defendants whether the latter would be ready to convey as agreed, and received from him the following letter:

"Robert Bright
Counselor-at-Law
N. W. Cor. 1st and New Jersey Aves.
North Wildwood, N. J.

Sept. 30/25

Mr. Edward Whitehill,
Dear Sir:

In reply to your inquiry as to whether we are ready for settlement on premises Atlantic avenue between Spencer and Spicer avenue, Wildwood, New Jersey, would say that I do not believe the sale will go through for the reason that the property is in litigation in the Court of Chancery. Mr. Charles H. Shetzline, one-third owner therein, filed a bill sometime in June for the partition thereof; Mrs. Adams, one of the executors, listed it for sale with Senator Ackley, but naturally the court proceedings have priority over the sale; I have advised Senator Ackley the facts therein.

I do not see anything but what the return of the money to you would be the best method out for you and your associates. Mrs. Adams did not have the sanction of her co-executor in listing the property.

Mr. Shetzline, the one-third owner, is not bound by the listing or sale, not having signed up nor agreed thereto. I am yours truly,

Robert Bright,
E."

In view of this letter, plaintiffs did not go to the trouble of traveling to North Wildwood to make a formal tender. The court instructed the jury in effect that the case would turn on the question whether Bright had actual or apparent authority to write the letter; if he had neither, plaintiffs could not recover. What took place afterwards appears to cut no special figure in the case.

Bright testified that he "represented" the defendants, but that he had no (special) authority to write that particular letter. We are clear, however, that it was entirely reasonable for plaintiffs to assume that his general employment as counsel for defendants covered an ordinary business transac-

tion of this kind; and that a verdict obviously predicated on the contrary view is against the weight of evidence.

Let the rule be made absolute.